No. 24-12634

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

———————————

ART ROJAS, et al.,
Plaintiffs – Appellees,
v.
CITY OF OCALA, et al.,
Defendant – Appellant.

———————————————————

On Appeal from the United States District Court
for the Middle District of Florida

———————————————————

## JOINT MOTION TO STAY APPELLATE PROCEEDINGS PENDING SETTLEMENT DISCUSSIONS

Abigail Southerland
AMERICAN CENTER FOR
  LAW & JUSTICE
625 Bakers Bridge Ave.,
Suite 105-121
Franklin, TN 37067
Tel. (615) 599-5572
asoutherland@aclj.org

Geoffrey R. Surtees
AMERICAN CENTER FOR
  LAW & JUSTICE
6375 New Hope Rd.
New Hope, KY 40052
Tel. (502) 549-7020
gsurtees@aclj.org

*Counsel for Defendant-Appellant*

Ayesha N. Khan
Potomac Law Group, PLLC
1717 Pennsylvania Avenue,
Suite 1025
Washington, DC 20006
Tel: (202) 836-7136
Fax: (202) 318-7707
akhan@potomaclaw.com

*Counsel for Plaintiffs-Appellees*

*Art Rojas et al., v. City of Ocala, Florida*
No. 24-12634

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to the Federal Rules of Appellate Procedure (FRAP) 26 and Eleventh Circuit Rule 26.1-1(a)(1), counsel for Appellant City of Ocala certifies that the following have or may have an interest in the outcome of this case/appeal:

- American Center for Law & Justice (Law firm for Appellant)

- American Humanist Association (Prior law firm for Appellees)

- Chubb Limited (formerly ACE), parent company of Chubb North America

- Chubb North America

- City of Ocala (Appellant)

- Corrigan, Timothy J., presiding district court judge

- Ekonomou, Andrew J. (Counsel for Appellant)

- Edwards, Richard (Florida citizen, former Captain of Ocala Police Department, witness for Defendants & participant in prayer vigil)

- Franjola, George (former counsel for Defendants)

- French, David (former counsel for Defendants)

- Gammill, Carly (former counsel for Defendants)

- Gilligan, Patrick G. (former counsel for Defendants)

*Art Rojas et al., v. City of Ocala, Florida*
No. 24-12634

- Graham, Greg (former Ocala Police Chief & deceased Defendant)

- Guinn, Kent (former Mayor of Ocala & former Defendant)

- Gilligan, Anderson, Phelan, Williams and Green, P.A. (law firm for Appellant)

- Hale, Lucinda (Appellee)

- Hale, Daniel (deceased)

- Haynes, Narvella (Florida citizen, witness for Defendants & organizer of prayer vigil)

- Khan, Ayesha N. (Counsel for Appellees)

- Lammens, Philip R. (U.S. Magistrate Judge)

- La Peer, Russell W. (counsel for former Defendant Guinn)

- Manion, Francis (former counsel for Defendants)

- McKerrall, Katherin (former counsel for Plaintiffs)

- Miller, Monica (former counsel for Plaintiffs)

- Morcroft, Heather (counsel for Plaintiffs)

- Landt, Wiechens, LaPeer & Ayeres, LLP (law firm for former Defendant Guinn)

- Niose, David (former counsel for Plaintiffs)

*Art Rojas et al., v. City of Ocala, Florida*
No. 24-12634

- Potomac Law Group, LLC (Law firm for Appellees)

- Porgal, Frances Jean (deceased Plaintiff)

- Quintana, Edwin (Florida citizen, volunteer chaplain for Ocala Police Department, witness for Defendants & organizer of prayer vigil)

- Rojas, Art (Appellee)

- Roth, Stuart (Counsel for Appellant)

- Sekulow, Jay (Counsel for Appellant)

- Sekulow, Jordan (Counsel for Appellant)

- Sexton, William (Counsel for City of Ocala)

- Southerland, Abigail (Counsel for Appellant)

- Summers, Olivia (Counsel for Appellant)

- Surtees, Geoffrey R. (Counsel for Appellant)

Defendant-Appellant has no corporate disclosures to make.

Date: November 11, 2024                    */s/ Abigail Southerland*
                                           Abigail Southerland

Plaintiffs-Appellees Lucinda Hale and Art Rojas, and Defendant-Appellant City of Ocala (the "City") (collectively the "parties"), by and through undersigned counsel, and pursuant to 11th Cir. R. 31-2, respectfully move for a stay of briefing deadlines in this case to allow the parties to continue with good-faith settlement discussions. In support, the parties state as follows:

## I.    Procedural History and Background

On August 12, 2024, Appellant City of Ocala filed a timely notice of appeal to this Court (Dkt.165) from the final judgment entered by the district court on July 25, 2024 (Dkt. 163).

On August 15, 2024, the Court issued a civil docketing notice informing the parties that Appellant's notice of appeal had been docketed and that if no transcripts are ordered, Appellant's brief is due 40 days after August 15, 2024.

On September 5, 2024, the clerk granted Appellant's over-the-phone request for extension of the briefing deadline for Appellant's brief and set the new filing deadline for October 24, 2024.

On or about October 8, 2024, Appellees made an offer of full settlement to Appellant. This offer of settlement was unexpected.

On October 18, 2024, this Court granted the parties' joint motion to extend the briefing deadlines to allow for settlement negotiations. On November 5, 2024, the City Council met to discuss Appellees' settlement offer. Since that time, the

1

parties have engaged in ongoing negotiations, but need additional time to explore potential terms of settlement and, if a settlement can be reached, to reduce those terms to writing.

## II. Legal Authority and Argument

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).

A stay is warranted here to preserve judicial resources and avoid unnecessary appellate practice that may be obviated if a settlement can be reached. Considerations of judicial economy and preservation of the parties' resources therefore favor holding this case in abeyance pending settlement discussions between the parties. *Cf. Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (describing courts' "[i]nherent authority to manage their dockets" to promote "the efficient and expedient resolution of cases").

The parties' and this Court's time and resources would further be preserved if the stay of briefing automatically lifts and a briefing schedule arises without the need for further action by the Court upon the parties' notifying the Court that settlement negotiations have proven unsuccessful. In that event, the parties request that the following briefing schedule arise:

- Appellant's brief would be due 40 days after the parties notify the Court that settlement negotiations have failed, with the appendix due seven days from the filing of the brief;

- Appellees' brief would be due 60 days after the filing of Appellant's brief, with any additional appendix due seven days from the filing of the brief;

- Appellant's reply brief would be due 21 days after the filing of Appellees' brief.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that this Court issue an order staying proceedings in this case to allow the parties to continue exploring the prospect of settlement, and specifying that the stay would automatically lift, and a briefing schedule would automatically be triggered, upon the parties' alerting the Court that settlement negotiations have proven unsuccessful.


Date: November 11, 2024          Respectfully submitted,

*Counsel for Defendant-Appellant*

*/s/ Abigail Southerland*
Abigail Southerland
AMERICAN CENTER FOR LAW & JUSTICE
625 Bakers Bridge Ave., St. 105-121
Franklin, TN 37067
Tel. (615) 599-5572
Fax (615) 309-8832
asoutherland@aclj.org

Geoffrey R. Surtees
AMERICAN CENTER FOR LAW & JUSTICE
6375 New Hope Rd.
New Hope, KY 40052
Tel. (502) 549-7020
gsurtees@aclj.org

William Sexton
City of Ocala
110 S.E. Watula Avenue
Ocala, FL 34471
Tel. (352) 401-3972
wsexton@ocalafl.gov

***Counsel for Plaintiffs-Appellees***

*/s/ Ayesha Khan*
Ayesha N. Khan
Potomac Law Group, PLLC
1717 Pennsylvania Avenue, Suite 1025
Washington, DC 20006
Main: (202) 558-5557 | Direct: (202) 836-7136
Fax: (202) 318-7707
akhan@potomaclaw.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the type-face requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 14-point Times New Roman font. This motion complies with length limits of FRAP 27(d)(2)(A) because it contains less than 5,200 words.


Dated:     November 11, 2024              */s/Abigail Southerland*
                                          Abigail Southerland